UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED ALAMELDEEN<br>   Via Giordano 5, Case Leoni<br>   Rivergaro, Piacenza 29029<br>   Italy<br><br>                  Plaintiff(s)<br><br>                  v.<br><br>MARCO RUBIO, in his official capacity,<br>Secretary, U.S. Department of State;<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>JULIE STUFFT, in her official capacity,<br>Acting Assistant Secretary, Bureau of Consular Affairs;<br>ALEXANDER TITOLO, in his official capacity, Charge d'Affaires, United States Embassy, Belgrade, Serbia<br>JOHN DOE, in his official capacity, Consular Officer, U.S. Consulate, Belgrade, Serbia<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>                  Defendant(s). | Civil Action No<br><br><br><br>**PLAINTIFF'S ORIGINAL<br>COMPLAINT FOR WRIT IN THE<br>NATURE OF MANDAMUS AND<br>VIOLATION OF THE APA** |

Tamunotonte Fenny, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W Algonquin Rd Suite 630 Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: tonte@jeelani-law.com.

## INTRODUCTION

COMES NOW AHMED ALAMELDEEN (hereinafter "Plaintiff" or "Plaintiff ALAMELDEEN"), by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Defendant's Immigrant Visa Application (hereinafter "Application") within a reasonable period of time. Plaintiff has a clear right to adjudication of the Application in a timely manner. Plaintiff has been unfairly disadvantaged as a direct result of Defendants' failure to adjudicate Plaintiff's Application. The United States has also been unfairly disadvantaged as a result of Defendants' failure to adjudicate Plaintiff's Application as Plaintiff has been classified an Alien of Extraordinary Ability by his I-140 Approval. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as U.S. Embassies are fully operational and conducting Immigrant

Visa interviews; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

4. Plaintiff ALAMELDEEN is a citizen of Egypt. He is an applicant for an immigrant visa based on an approved Form I-140, Immigrant Petition for an Alien Worker.

5. Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs and U.S. Consulate in Montreal, Canada. This action is filed against him in his official capacity.

6. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

7. Defendant JULIE STUFFT is the Acting Assistant Secretary of State for Consular Affairs. Assistant Secretary BITTER is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in her official capacity.

8. Defendant ALEXANDER TITOLO is the Charge d'Affaires for the United States Embassy in Belgrade, Serbia. He is the principal officer in charge of the Consulate. This action is filed against him in his official capacity.

9. Defendant John DOE is a Consular Officer at the United States Embassy in Belgrade, Serbia. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff ALAMELDEEN is seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff intends to reside.

## EXHAUSTION OF REMEDIES

12. The Plaintiff has repeatedly requested the Defendants to make a final decision on his Application. Further, Plaintiff has initiated numerous inquiries with the U.S. Embassy in Belgrade, Serbia. Plaintiff's repeated requests for the adjudication of his Application have not resulted in a meaningful solution.

13. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied the U.S. Embassy in Belgrade, Serbia with documents that establish Plaintiff's eligibility to receive an immigrant visa to come to the U.S. as a permanent resident.

14. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

15. Plaintiff ALAMELDEEN is the Plaintiff and beneficiary of an I-140, Immigrant Petition for Alien Worker (hereinafter "I-140"). His I-140 was approved by the United States Citizenship and Immigration Services based on a finding that his employment in the U.S. was in the national interest, as he is an individual with an advanced degree and/or exceptional ability. Plaintiff ALAMELDEEN's I-140 was approved on July 14, 2022 (Receipt # **SRC-2217-250-441**). **[EXHIBIT A].**

16. On April 18, 2023, Plaintiff attended an immigrant visa interview at the U.S. Embassy in Belgrade, Serbia (Immigrant Case# BLG-2022-759-001). **[EXHIBIT B].**

17. Subsequent to the interview, Plaintiff received a notice stating his visa Application was refused under "Section 221(g) of the Immigration and Nationality Act, because additional information is required." **[EXHIBIT C].**

18. After Plaintiff submitted several inquiries from October of 2023 until the present time, Defendants have yet to act on the Application.

19. Plaintiff's inquiries have resulted in continuous responses from the U.S. Consulate in Belgrade, Serbia stating that the Plaintiff's Application is undergoing administrative processing and will take an unknown period of time.

20. Plaintiff's Application now continues to be in an administrative processing status with the U.S. Consulate in Belgrade, Serbia for over 71 weeks.

21. Department of State, and the U.S. Embassy in Belgrade, Serbia refuse to allege an average processing time for Immigrant Visa Applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 16 months of processing time.

## VIOLATION OF THE APA

22. All prior paragraphs are re-alleged as if fully stated herein.

23. Plaintiff has a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153(b).

24. Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

25. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

26. No other adequate remedy is available to Plaintiff.

27. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate his Application.

28. Given the Defendants' lack of a reason for not making a decision on Plaintiff's Application for over 16 months, Plaintiff's Application has been pending for an unreasonably long period of time.

29. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

30. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff's rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff's Application.

31. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's cases.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  February 28, 2025                              Respectfully submitted,

                                                          /s Tamunotonte Fenny
                                          **Tamunotonte Fenny, Esq.**
                                          **JEELANI LAW FIRM, PLC**
                                          **3701 W Algonquin Rd Suite 630**
                                          **Rolling Meadows, IL 60008**
                                          **tonte@jeelani-law.com**
                                          **Phone:(312) 767-9030**
                                          **Fax:(312) 767-9030**
                                          *Counsel for Plaintiffs*